UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

October 28, 2015

MEMORANDUM TO COUNSEL RE:   Mario Realmuto v. Life Insurance Company
of North America
Civil Action No. GLR-14-1386

Dear Counsel:

Pending before the Court is Plaintiff's, Mario Realmuto, Motion to Reconsider. (ECF No. 45). The Motion is ripe for disposition. The Court, having reviewed the Motion and related documents, finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons that follow, the Motion will be denied.

On July 24, 2015, the Court issued an Order denying Realmuto's Motion for Summary Judgment and granting in part and denying in part Defendant's, Life Insurance Company of North America ("LINA"), Motion for Summary Judgment. (ECF No. 44). The Court found Realmuto could not, as a matter of law, meet his burden of establishing an entitlement to additional long-term disability benefits under his employer's Long-Term Disability Plan and Group Disability Insurance Policy (the "Plan"). (ECF Nos. 43, 44). Realmuto filed a Motion to Reconsider on August 7, 2015. (ECF No. 45). LINA then filed a Response in Opposition on August 24, 2015 (ECF No. 48), and Realmuto filed a Reply to Defendant's Opposition on September 18, 2015 (ECF No. 52).

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."[1] Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Id. (quoting Wright, et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a

---

[1] Realmuto attempts to avoid the application of this standard by arguing that he filed his Motion to Reconsider pursuant to Local Rule 105.10, not Rule 59(e). The Court is not persuaded. Local Rule 105.10 does not independently establish a right to move for reconsideration—it merely establishes the deadline for filing motions for reconsideration under Rules 50, 52, 59, and 60.

party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

Realmuto attempts to relitigate his case by asking the Court to "reconsider its finding that the surveillance video established that Realmuto was not disabled under the terms of the Plan and was medically able to perform all of the material duties of his regular occupation." (Memo Supp. Mot. for Recons. at 4, ECF No. 45-1). He argues the Court's reliance on the surveillance video—which showed Realmuto engaging in a variety of physical activities without signs of any limitation or restriction—to find Realmuto was not "disabled" under the Plan constitutes a manifest injustice. The Court disagrees. For the reasons stated in the Court's July 24, 2015 Memorandum Opinion (ECF No. 43), the undisputed Administrative Record, including the video surveillance, supports the conclusion that Realmuto is able to perform the material duties of at least two occupations that would meet his Indexed Covered Earnings requirement and for which he is reasonably qualified. Morevover, Realmuto fails to identify an intervening change in controlling law, new evidence, or a clear error in the Court's previous ruling. Accordingly, Realmuto's Motion will be denied.

Based on the foregoing reasons, Realmuto's Motion to Reconsider (ECF No. 45) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge